# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

**LIN EDWARD DAVIS, SR.,**          :
                                     :
   Plaintiff,                    :
                                     :
v.                                   :          Civil Action No. 6:06-cv-30 (HL)
                                     :
**THOMAS COUNTY SHERIFF'S**         :
**DEPARTMENT, et al.,**             :
                                     :
   Defendants.                   :
_____

## **ORDER**

Before the Court are a number of pending motions, including two Recommendations (doc. #'s 50, 61) submitted by the United States Magistrate Judge and a "Notice of Appeal from Magistrate's Order of July 20, 2006" (doc. # 77) filed by Plaintiff Lin Edward Davis, Sr. ("Davis"). However, for the reasons set forth below, the Court vacates the United States Magistrate Judge's Order of May 9, 2006 (doc. # 6), and revokes Davis' *in forma pauperis* ("IFP") status, pursuant to 28 U.S.C. § 1915(g). As a result, the Court dismisses Davis' case, and all pending matters within it are dismissed as moot.

**I.    BACKGROUND**

Davis, currently an inmate at the Thomas County Jail, commenced this pro se 28 U.S.C. § 1983 action on April 21, 2006. (Doc. # 2.) At the same time he filed his complaint, Davis also filed a Motion to Proceed IFP. (Doc. # 1.) By an Order dated May 9, 2006, the United

States Magistrate Judge granted Davis' request to proceed IFP. (Doc. # 6.) Since then, Davis has filed numerous motions to amend and other nondispositive motions, some of which have been ruled upon and some of which, as mentioned, are still pending.

## II.   ANALYSIS

### A.   Standard

Prisoner plaintiffs may seek leave to proceed in "any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" pursuant to 28 U.S.C. § 1915(a). However, § 1915(g) of the Prison Litigation Reform Act also provides that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (2006).

This section, known as the "three strikes" provision, wards against abusive prisoner litigants having unlimited IFP access to the courts to pursue frivolous, malicious or meritless claims. "Three strikes" inmates are not banned from the courthouse entirely, but must pay the full filing fee before they may proceed.

#### 1.   Physical Danger

The only exception to § 1915(g) that allows a "three strikes" plaintiff to retain his IFP status is if he is "under imminent danger of serious physical injury." Id. The United States Court of Appeals for the Eleventh Circuit has concluded that to proceed under this exception,

"the issue is whether [a plaintiff's] complaint, as a whole, alleges imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1347, 1350 (11th Cir. 2004) (allowing a prisoner to amend his complaint, under Federal Rule of Civil Procedure 15(a), and then evaluating whether the amended complaint alleged imminent danger of serious physical injury).  A court evaluating whether a plaintiff has shown imminent danger of serious physical injury must look to the plaintiff's complaint, which must be construed liberally and the allegations of which must be accepted as true.  Id.

Moreover, the Eleventh Circuit has joined the Second, Third, Fifth, Seventh and Eighth Circuits in determining that the "imminent danger" exception applies only when the danger exists at the time the complaint it filed.  See Ashley v. Dilworth, 147 F.3d 715 (8th Cir. 1998); Baños v. O'Guin, 144 F.3d 883 (5th Cir. 1998); Medberry v. Butler, 185 F.3d 1189 (11th Cir. 1999); Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (en banc); Malik v. McGinnis, 293 F.3d 559 (2d Cir. 2002); Ciarpaglini v. Saini, 352 F.3d 328 (7th Cir. 2003).  Therefore, a court must only review the allegations made in a plaintiff's complaint or amended complaint for imminent danger, but not any additional allegations of injuries or danger complained of in subsequent filings.  See, e.g., Miller v. Meadows, No. 5:05-CV-29, 2005 WL 1983838, at *5 (M.D. Ga. Aug. 11, 2005).

### 2. IFP Revocation

Numerous courts have interpreted § 1915(g) as empowering them to revoke a prisoner's previously granted IFP status when it later became evident that the original IFP grant was improperly made.  See, e.g., Adepegaba v. Hammons, 103 F.3d 383 (5th Cir. 1996); Smiley

3

v. Parker, No. 04-6357, 2004 WL 1147124 (4th Cir. May 19, 2004); Magee v. Clinton, No. 04-5247, 2005 WL 613248 (D.C. Cir. Mar. 14, 2005); Turner-El v. Washington, No. 96 C 6323, 1998 WL 566880 (N.D. Ill. Mar. 2, 1998); McFadden v. County of Nassau, No. CV 97-4146, 1998 WL 151419 (E.D.N.Y. Mar. 26, 1998); Brown v. Montgomery County, No. 04-5729, 2006 WL1997448 (E.D. Pa. July 7, 2006). These holdings reflect that "there is no absolute 'right' to pursue a civil appeal i.f.p.; rather it is a privilege extended to those unable to pay filing fees in a timely manner." Adepegaba, 103 F.3d at 386. Therefore, it logically follows that a plaintiff's privilege to proceed IFP should be reevaluated if and when information comes to light that calls into question whether he was initially eligible for that privilege.

### 3. Dismissal

Finally, the Eleventh Circuit has held that

> the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.

Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

The Dupree decision reflects the clear language in § 1915(g) that "[i]n no event" may a prisoner proceed IFP when he fails to meet the conditions of the statute. An inmate denied IFP status based on the three strikes provision must file his lawsuit anew.

### B. Application

Upon its review of the record in this case, it has come to the Court's attention that Davis

4

has accumulated at least "three strikes."[1]  Therefore, the only way Davis may be allowed to proceed IFP would be if his Complaint demonstrated he was "under imminent danger of serious physical injury" when it was filed.  A review of Davis' Complaint makes it clear that he was under no such risk.[2]  In light of these findings, it is obvious that Davis' request to proceed IFP should never have been granted, and the Court is mandated by § 1915(g) to revoke his IFP status.  Accordingly, the United States Magistrate Judge's May 9, 2006, Order (doc. # 6) granting Davis' request to proceed IFP is vacated.

As a result of this revocation, the Court dismisses Davis' claim without prejudice.  Davis may not pay his filing fee after being denied IFP status and revive his case.  See Dupree, 284 F.3d at 1236.  This dismissal neither affects Davis' substantive rights nor blocks his access to the courts.  While Davis may still pursue any claim he wishes to bring, he must do so without the privilege of proceeding in civil actions IFP, unless he can show he is "under imminent

---

[1] In fact, Davis has more than earned the label of frequent filer, having filed dozens of civil actions in various federal courts across the country.  It is clear at least four, if not many more, of these cases constitute strikes that pre-date the IFP filing in this case: Davis v. U.S.A., No. CIV-89-2218-T, 1991 WL 35272, at *1 (10th Cir. Feb. 20, 1991) (appeal dismissed as frivolous and not taken in good faith); Davis v. Beach, et al., 5:91-cv-13-SBH-HWM (E.D. Tx. 1991) (complaint dismissed as frivolous and affirmed on appeal); Davis v. Reno, 1:94-cv-694-RCF (N.D. Ga. 1994) (complaint dismissed pursuant to 28 U.S.C. § 1915(d)); Davis v. Reno, 1:95-cv-1648-UNA (D.D.C. 1995) (complaint dismissed sua sponte pursuant to 28 U.S.C. § 1915(d) and affirmed on appeal).

[2] Even though it is not obliged to review Davis' post-complaint filings, the Court notes that after filing his Complaint, Davis filed two Motions for Temporary Restraining Order.  However, neither of these motions reflect that Davis was under any imminent danger of serious physical injury.  The first filing (doc. # 23) was a request for a lien on Defendants' property and had nothing to do with Davis being in any danger of physical injury.  The second motion (doc. # 40) alleges that Defendants have threatened Davis in retaliation for his filing the present lawsuit and that such threats "could lead to bodily harm."  Such hypothetical, potential injury does not satisfy the imminent danger of serious physical injury exception to § 1915(g).

danger of serious physical injury."

Finally, the Court notes that on July 21, 2006, Davis paid $20.00 of his filing fee to the Clerk's office, per receipt number 522783, leaving him with a remaining balance of $230.00.[3] Section 1915 provides no guidance on how to handle an already paid fee upon a subsequent revocation of IFP status, but the Court believes it has two options. First, were there any showing of bad faith on Davis' part, i.e., that he intentionally misled the Court in an attempt to circumvent the three strikes hurdle, the Court can order his fee forfeit as a sanction pursuant to Rule 11. Second, without such a showing of bad faith, the Court can refund the fee to Davis. Here, the Court finds there has been no showing of bad faith,[4] and chooses the latter course. Accordingly, the Clerk of Court is ordered to return whatever fee Davis may have paid as of the date of the filing of this Order and further directed to instruct the appropriate prison officials to cease the garnishment and remittance of funds from Davis' prison account.

## III.   CONCLUSION

---

[3] Effective April 9, 2006, the civil filing fee in the United States District Court for the Middle District of Georgia increased from $250.00 to $350.00. Davis' Complaint and Motion to Proceed IFP were executed by Davis on April 21, 2006, and filed on April 26, 2006. Therefore, the United States Magistrate's Order of May 10, 2006, directing Davis to pay a $250.00 filing fee, was incorrect. The Order should have directed Davis to pay a $350.00 filing fee. Regardless, given the disposition of this Order, this mistake is moot.

[4] The Court acknowledges that given his extensive experience with attempting to proceed IFP in the federal court system, and the numerous dismissals of his actions as frivolous, it is reasonable to infer that Davis may, in fact, be well aware that he is barred by the three strikes provisions. However, in the absence of more concrete proof, the Court shall give Davis the benefit of the doubt, as well as his $20.00 back. In light of this Order, though, Davis should consider himself forewarned that future courts he may be so forgiving. It should now be crystal clear to Davis that he is barred from filing future litigation IFP based on the three strikes provision, unless he finds himself in imminent danger of serious physical injury.

The United States Magistrate Judge's Order of May 9, 2006 (doc. # 6), is vacated. Davis' IFP status is revoked, his case is dismissed without prejudice, and all pending matters within it are dismissed as moot.

**SO ORDERED**, this the 5th day of September, 2006.

<u>s/ Hugh Lawson</u>
**HUGH LAWSON, JUDGE**

pdl